IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL C. BLOOMQUIST,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL MISNER,<br><br>          Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:15-cv-00882-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This matter was referred to the court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.) On December 15, 2015, the court granted pro se Plaintiff Darrell C. Bloomquist leave to proceed in forma pauperis. (ECF No. 2.) Plaintiff's complaint alleges that Defendant Michael Misner violated Plaintiff's civil rights by "fail[ing] to properly represent [Plaintiff]." (ECF No. 3.) Defendant was allegedly appointed to represent Plaintiff on certain criminal charges in Utah state court. The case is presently before the court on Plaintiff's Motion to Appoint Counsel (ECF No. 5.) and Motion for Service of Process. (ECF No. 4.)

## ANALYSIS

### I.     Plaintiff's motion for appointment of counsel

Plaintiff requests appointment of counsel. A plaintiff in a civil case has no statutory or constitutional right to the appointment of counsel, though appointment is permitted in certain circumstances. *See* 28 U.S.C. § 1915(e)(1). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

Here, Plaintiff filed a terse request for counsel, citing 42 U.S.C. § 1985. (ECF No. 5.) That provision does not provide for appointment of counsel. Additionally, the court finds Plaintiff's

claims may not be meritorious, as discussed below. *Infra* Part II. Further, the legal and factual issues do not appear particularly complex. Nonetheless, the court recognizes that counsel may subsequently become appropriate or necessary. Accordingly, the court will deny Plaintiff's motion to appoint counsel without prejudice. Plaintiff may renew the motion if circumstances later justify appointment of counsel.

## II. Plaintiff's motion for service of process

Next, Plaintiff requests the court serve process upon the single defendant in this case, who is Plaintiff's former counsel in a state criminal matter. (ECF No. 4.). The court declines to serve process at this time for two reasons. First, Rule 8 demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a pro se complaint must be construed liberally; a court cannot act as an advocate for a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff's complaint lacks detail regarding the conduct he believes was wrongful. Plaintiff alleges that counsel in the criminal matter "failed to properly represent the [P]laintiff." (ECF No. 3.) This does not afford Defendant notice of the claims against him or allow him to prepare a meaningful response. If Plaintiff choses to continue this lawsuit by filing an amended complaint, he should keep in mind the general admonition for pro se plaintiffs proceeding in the Tenth Circuit. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated.").

Second, the court has concerns about the legal viability of Plaintiff's complaint. To properly allege a violation of 42 U.S.C. § 1983, Plaintiff "must allege that some person has deprived him

of a federal right," and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (quoting *Polk County v. Dodson*, 454 U.S. 312 (1981). Given these deficiencies, service of process is not now appropriate.

Nonetheless, given Plaintiff's pro se status and the terse nature of his factual allegations, the court cannot be certain that Plaintiff is unable to plead a cause of action and will thus afford him an opportunity to amend. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should [afford] leave to amend.") Accordingly, Plaintiff is directed to file an amended complaint setting forth proper claims within thirty (30) days. Failure to do so will result in a recommendation that Plaintiff's complaint be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## ORDER

Based on the foregoing, the court

**DENIES** Plaintiff's motion to appoint counsel without prejudice, (ECF No. 5) and

**DENIES** Plaintiff's motion for service of process without prejudice. (ECF No. 4.)

Plaintiff must file any amended complaint within thirty (30) days of this Order.

Dated this 12th day of September 2016.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge